## The People, etc., for the use of John A. Gipsen v. Hayes et al.

1. BURDEN OF PROOF—*Suit on Constable's Bond.*—When a suit is brought upon a constable's bond for a failure to return an execution, the burden of proof is upon the plaintiff.

2. EVIDENCE—*Justice's Entries.*—The statute does not require the justice to make any record or certify or include in a transcript anything concerning the failure of a constable to return process, and if he does make such a record it is not evidence against the sureties upon the constable's bond.

**Debt,** on a constable's bond. Appeal from the County Court of Cook County; the Hon. ORRIN H. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

### STATEMENT OF THE CASE.

This was an attempt on the part of appellant to recover from F. W. C. Hayes and James R. Mann, as sureties on a constable's bond, the amount of a judgment and interest.

MASTERSON & HAFT, attorneys for appellant, contended that where the subject-matter of a negative averment lies particularly within the knowledge of the opposite party, the averment is taken as true unless disproved by that party. 1 Greenleaf, Ev., 79, p. 111 (14th Ed.), and cases cited; Great Western R. R. Co. v. Bacon, 30 Ill. 347; Williams v. People, 121 Ill. 84.

MANN, HAYES & MILLER, attorneys for appellees.

The constable was a public officer. It was his duty as such to make return of the execution within the time fixed by statute. It has been repeatedly held by our courts that every public officer is presumed to have done his duty, and this until the contrary is clearly established. Conwell v. Watkins, 71 Ill. 488; The People ex rel. v. Newberry, 82 Ill. 41; Hertig v. The People, 159 Ill. 237.

The plaintiff must clearly establish that the execution was not returned in time. People v. Newberry, 82 Ill. 41.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The statute of this State, Sec. 121 of Chap. 79, is as follows :

"If any constable shall fail or neglect to return an execution within ten days after its proper return day, or if the demand, debt or claim be wholly or in part lost, or if any special damage shall arise to any party by reason of the neglect or refusal to act, or the misfeasance or nonfeasance of any constable in the discharge of any official duty, the party aggrieved may have his action in any court of competent jurisdiction against such constable and his sureties, on the official bond of such constable, and shall recover thereon the amount of said execution and costs, with interest from the date of the judgment upon which the original execution issued."

The only question for the court to pass upon is: Should the trial court have found from the evidence that the constable did not return the execution to court within the time required by the law ?

Upon this question the burden of proof was upon the plaintiff, appellant here.

The execution was issued November 24, 1893.

At the time of the trial of this cause in the County Court this execution was, with the files of the cause in which it was issued, in court with the following return thereon :

" No property found of the within named defendant to levy on. No part paid or satisfied.

A. H. GULLY,<br>Constable."

There was nothing to show when this return was made, other than what the plaintiff claimed to be evidence that it had not been made May 19, 1894. This claim of the plaintiff was based upon the following transcript :

" J. A. GIPSEN }
    vs.
J. F. WILSON. }

It is considered by the court that said plaintiff have and recover of the said defendant seventy-five dollars and costs of suit, and judgment ordered and entered therefor. Execution ordered and issued to Constable McCuddy, and returned by him September 9, 1893, no property found and no part satisfied. Alias execution ordered and issued to Constable McCuddy, September 21, 1893, and returned by him indorsed " No property found and no part satisfied, on the 9th day of September, 1893; November 24, 1893, alias execution ordered and issued to constable. (Plaintiff's attorney.)

(Last execution not returned to court.)

Certificate dated the 19th day of May, 1894.

[SEAL]                        JOHN C. EVERETT,
                        Justice of the Peace."

While the statute required the justice to make a written memorandum of all process issued and returned, it did not require that he make any record or certify or include in a transcript anything concerning a failure to return process; and there is no statute making a certificate or transcript by him evidence of what process has not been returned.

The extra-judicial certificate of the justice, in this regard, was not evidence, more especially, against persons who were not parties to the cause, of the proceedings in which the transcript was made.

The judgment of the County Court is affirmed.